UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:17 CR 204 |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | : | |
| **CRAIG HOWARD GILBREATH, JR.,** | : | |
| **Defendant.** | : | |

Now comes the United States, by and through the undersigned Assistant United States Attorney, and respectfully provides the following sentencing memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

1

**MEMORANDUM**

On June 5, 2017, Defendant Craig Howard Gilbreath, Jr. ("Gilbreath") ran from police while in possession of bags containing 14 grams of carfentanil, which he intended to distribute. (R. 22, *Plea Agreement*, PAGEID# 40).  On August 2, 2018, Defendant entered a guilty plea to Count One of the Indictment, namely "Possession with intent to distribute 10 grams or more of carfentanil," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  The statutory penalties include a minimum, mandatory term of 5 years up to 40 years in prison.

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of defendant, 5) providing rehabilitative services to defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants.  The Court may place greater weight on certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The United States concurs with the United States Probation Office's Sentencing Recommendation.  Gilbreath (despite his youth) has an extensive criminal history, and has been non-compliant while under court supervision and incarcerated. *See Presentence Report* ¶¶ 31-34, 36-41.  Based on these facts, Defendant poses a great risk of recidivism, requires deterrence, and displays a lack of respect for the law.  Furthermore, his offense is serious and implicates public

safety concerns, as fentanyl and its analogues are particularly lethal and their distribution threatens the community. A sentence within the guideline range would also tend to treat Gilbreath consistent with other similarly situated offenders.[1]

For these reasons, the recommended sentence would be sufficient, but not more than necessary to address the purposes of sentencing.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served October 29, 2018, upon Defendant's counsel Mr. Thomas Anderson, Esq., via CM/ECF electronic filing.

s/ Andrew J. Hunt
Andrew J. Hunt (007368)
Assistant United States Attorney

---

[1] 18 U.S.C. § 3553(a)(6) is concerned with national sentencing disparities, and the Sentencing Guidelines are "good evidence of the national standard." *United States v. Simmons*, 501 F.3d 620, 623, 627 (6th Cir. 2007).