| | |
|---|---|
| **SENTENCING** | **DATE: March 25, 2019** |
| **CASE CAPTION: USA v. Craig H. Gilbreath, Jr.** | **CASE NUMBER: 3:17cr204** |
| **Plaintiff's Attorney: AUSA, Andrew Hunt** | **Defendant's Attorney: Thomas Anderson** |

**Probation Officer: Charles Steed**

Defendant appeared with counsel.

Counsel and defendant have reviewed the PSI. No objections to the PSI. Counsel for defendant made statement. Dialogue between the Court and counsel for defendant. Government made statement. Defendant made statement. Statement by the Court.

Defendant remanded to the custody of the Attorney General of the United States/Bureau of Prisons for:

    __60__ months on Count __1__, to be served concurrently with his presently undischarged portion of his state sentence, and the remainder of the 60 month sentence is to be served consecutively to the expiration of defendant's state sentence.
    Fined $ 0 due to inability to satisfy and community service to be ordered on Count 1 of the Indictment.
    $100.00 Special Assessment to Victims Crime Fund to be paid immediately.

__5__ years Supervised Release on Count 1.

Follow the rules and regulations of the Probation Department.

Defendant must report to supervising agency within 72 hours of release from institution.

Defendant must not commit any crimes, federal, state, or local.

Defendant must not own, possess, use, or traffic in any controlled substance, firearm, or dangerous weapon.

Defendant must make himself available for substance abuse testing at least once during the first 15 days of supervision and no fewer than twice thereafter and treatment, in-patient or out-patient, if requested by probation officer. The defendant shall make a co-payment for treatment services not to exceed $25.00 per month, which is determined by the defendant's ability to pay.

Defendant shall seek and maintain employment and/or be involved in a verified, certified course of job training throughout the period of supervision.

__100__ hours of community service with an agency and on a schedule agreed upon by the Defendant and the Probation Department over the first two (2) years of Supervision.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant is to receive a mental health assessment and counseling, if deemed necessary. The defendant shall make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

The defendant is to receive cognitive behavioral therapy/thinking for a change/critical thinking skills/moral reconation therapy.

The defendant is to establish contact with the Clark County Reentry Program for enrollment.

Defendant's right of appeal explained and the defendant indicated an understanding of same.

**RECOMMENDATIONS TO BOP:**
The Court recommends that the defendant be given credit for all allowable pre-sentence jail-time served in federal custody.

The Court recommends that the defendant be incarcerated as close to his home in the Springfield, Ohio area as possible consistent with his security status.

The Court recommends that the defendant receive a mental health assessment and counseling, if deemed necessary.

The Court recommends that the defendant be made eligible for and enrolled in any and all drug treatment.

The Court recommends that the defendant receive any and all available job training.

The Court recommends that the defendant receive cognitive behavioral therapy/critical thinking skill/moral reconation therapy.

The Court recommends that the defendant continue taking courses through a valid educational institution.

   X    Remanded to the Custody of the United States Marshal.

**OTHER:** Neither counsel for the defendant nor for the government had any procedural or substantive objections to this Court's sentence.

| | | | |
|---|---|---|---|
| COURT REPORTER: | Debra Futrell | CONVENED: | 1:55 |
| DEPUTY CLERK: | Tisha Parker | RECESSED: | 2:41 |